## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD BROWN, | ) | CASE NO. 8:04CV72 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| DOUGLAS COUNTY DEPARTMENT OF | ) | |
| CORRECTIONS, ROBERT HOUSTON, | ) | |
| JUANITA BROWN, RHONDA MOORE, | ) | |
| T.D. GENSLER, | ) | |
| | ) | |
| **Defendants.** | ) | |

At the time his Complaint in this matter was filed, Plaintiff Ronald Brown ("Brown") was an inmate at the Douglas County Corrections Center ("DCCC") in Omaha, Nebraska. Brown alleges that the Defendants violated his constitutional rights in failing to provide for his safety and in failing to provide him with adequate medical care during his incarceration. The matter was allowed to proceed following initial review by Magistrate Judge Gossett. Brown is represented by counsel in this proceeding.

This matter is before the Court on two motions. A motion for judgment on the pleadings (Filing No. 42) has been filed by the Douglas County ("County") and by Robert Houston, who was at all relevant times the director of the Douglas County Correctional Center ("Director").[1] A motion to dismiss for failure to state a claim (Filing No. 52) has been filed by Juanita Brown, Rhonda Moore, and Thomas Gensler, M.D., who collectively will be referred to as the "Medical Defendants." Brown objects to the motion for judgment on the pleadings as premature, and he has filed a brief in opposition to the motion to dismiss. (Filing Nos. 50 and 54).

---

[1] Robert Houston left his employment with the DCCC to become the Director of the Nebraska Department of Correctional Services. John Hubbard is the acting-Director of the DCCC at this time.

## STANDARD OF REVIEW

The Eighth Circuit Court of Appeals has recognized:

> Technically, . . . a Rule 12(b)(6) motion cannot be filed after an answer has been submitted.  *See* Fed.R.Civ.P. 12(b). . . . Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c). . . This distinction is purely formal, because we review . . . . [a] 12(c) motion under the standard that governs 12(b)(6) motions. *Id.; accord Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987) (collecting cases). It is settled in this circuit that "[w]hether a complaint states a cause of action is a question of law which we review on appeal de novo." *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). We assume that well-pleaded factual allegations in the complaint are true "and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Id.* We do not, however, blindly accept the legal conclusions drawn by the pleader from the facts. *Morgan,* 829 F.2d at 12; 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 595-97 (1969).

*Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990).

## FACTUAL BACKGROUND

I take the facts alleged in the Complaint as true as I consider the motions.[2]   On January 3, 2004, Plaintiff Ronald Brown came into the third floor of the DCCC from an outside recreation area.  He immediately came upon several coats on the floor.  As he traversed the area, Brown slipped, fell, and injured his head and back.  Brown was taken by ambulance to Creighton University Medical Center, where he was treated and  later released to the DCCC.  He received discharge instructions related to lumbo-sacral strain.

At the DCCC, Brown was placed in the infirmary for observation until January 5, 2004, when he was released to the general population.  At that time, Brown requested a lower bunk assignment because pain prevented him from getting onto a top bunk, but that

---

[2] I have considered the Complaint and exhibits 1-15 that are attached to it.

request was denied.  He was examined by Defendant Dr. Gensler on January 15, 2004.

After Brown filed a grievance on January 17, 2004, in which he appealed the denial of his

lower bunk request and sought more effective pain relief, Brown's medication was

changed, apparently to Ibuprofen, although the record is not entirely clear on that matter.

In response to Brown's grievance, Brown's progress was reviewed.  In a memorandum

dated January 22, 2004, Defendant and DCCC Health Services Administrator Rhonda

Moore wrote to Brown that upon his discharge from the infirmary on January 5, 2004,

Brown could move, bend and walk, and further, that upon physical examination on January

15, 2004, Brown showed good movement and strength.  On January 22, 2004, Brown was

again examined by a physician and his medication was changed back to Naproxen.  It

appears the medication was again adjusted on January 30, 2004.

On February 2, 2004, Brown requested a double mattress and a pillow, and those

requests were also denied.  On February 2, 2004, an X-ray of Brown's back was ordered.

Findings from the X-ray are not in the record.  Also on February 2, 2004, Defendant and

Director of Nursing at the DCCC, Juanita Brown, stated in a memorandum to the

Defendant that "after a thorough investigation of your case, it has been determined that

you have received appropriate, timely, and professional care since your arrest and

incarceration."

### Motion for Judgment on the Pleadings.

Brown alleges that the County and the Director violated 42 U.S.C. §1983 by

depriving him of his constitutional rights under the Fifth, Eighth, and Fourteen

Amendments.  Brown alleges that the County and its Director failed to provide a safe

environment for him at the DCCC by 1) allowing several coats to remain on the floor

causing an unsafe condition; and  2) refusing to accommodate his request to be moved from a top bunk to a lower bunk.  Brown also alleges that the County and Director failed to provide adequate medical care to him following his fall.  Because he was an inmate at the time, the Eighth Amendment standards apply.  The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care.  *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The County and the Director move for judgment on the pleadings on three grounds. First, they contend that even if the Court assumes the allegations in the Complaint to be true, their actions do not constitute an unconstitutional deprivation of Brown's rights. Second, the County and the Director contend that the Complaint should be dismissed because Brown failed to exhaust his administrative remedies.  Third, the County seeks judgment on the pleadings because the Complaint does not allege a constitutionally deficient custom or practice.

Brown has filed a one sentence objection to the motion  arguing that the motion is premature because the period for pleading has not closed.   That objection is overruled. The motion was made after the Complaint was served and after the County and the Director filed an Answer to the Complaint.  Brown has not made any request to amend the Complaint.  I find the motion is timely, and there is no legitimate reason to postpone consideration of the motion.

I agree that the County and the Director are entitled to judgment on the pleadings. The presence of coats on the floor of the DCCC does not constitute the type of unsafe condition that is constitutionally prohibited by the Eighth Amendment.  At most, the Complaint alleges that the County and Director were negligent in allowing coats to remain

on the floor, but such a claim cannot be pursued in this Court under Section 1983.  *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury").   It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement" *Osolinski v. Kane,* 92 F.3d 934, 938 (9th Cir. 1996), but "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." *Id.  Accord Tucker v. Evans,* 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment).   Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position.  *Tucker,* 276 F.3d at 1001.

A claim of negligence arises under Nebraska law, not federal law.  Brown may be able to pursue a claim against the responsible persons in a state court.  This Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the Court has dismissed the claims over which the court has original jurisdiction.

Brown also argues that prompt, professional medical care was not provided to the him following his slip and fall in violation of his Eighth Amendment rights.  The Complaint and its attachments defy that argument.  Brown was taken by ambulance to a reputable medical center; he was discharged with instructions for a lumbo-sacral strain; he was in the DCCC infirmary for observations for two days; and he saw the a doctor at the DCCC twice in the month following his fall.  He was provided with prescription and over-the-counter medications for pain.

A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104-07 (1976).  A viable Eighth Amendment claim consists of an objective component and a subjective component: an inmate must show that the deprivation was sufficiently serious, and that the defendant acted with a sufficiently culpable state of mind.  *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).  Taking the allegations of fact as true for purposes of this motion, I conclude that while Brown remained in some pain following the fall, there are no facts sufficient to state a claim that the County or the Director engaged in deliberate indifference to any of his serious medical needs.

I assume for purposes of these motions that Brown's pain prevented him from hoisting himself up to the top bunk for a period of time following his fall, and that he slept on the floor during that time because his request for a lower bunk assignment was refused. While it may appear that a bunk reassignment would have been relatively simple accommodation under the circumstances, the refusal to change Brown's bunk assignment does not rise to the level of a constitutional deprivation.  Brown was provided with a bed, and while he may have experienced pain had he tried to get into it in the days immediately following the fall, I conclude that it was his choice to sleep on the floor rather than encounter the pain of getting into the top bunk, and that these facts do not state a claim for relief.  Accordingly, the motion for judgment on the pleadings, which I have treated under the standard of a motion to dismiss, is granted.

**MOTION TO DISMISS**

Defendants Juanita Brown, R.N., Rhonda Moore, R.N., and T.D. Gensler, M.D., ("Medical Defendants") have filed a motion to dismiss based on Brown's failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Brown alleges that the Medical Defendants deprived him of adequate medical care following the fall.  Brown alleges that the Medical Defendants' acts and omissions constitute deliberate indifference to his serious medical needs.  He argues in his brief that the exhibits attached to his Complaint demonstrate that the Medical Defendants were involved in his medical care and treatment.  This much is true.  However, Brown argues in his brief in opposition to the motion that their involvement, taken together with his allegation that the medical care he received was so deficient so as to constitute cruel and unusual punishment, is sufficient to state a claim for relief under Section 1983.  I disagree.  This Court need not "blindly accept the legal conclusions drawn by the pleader from the facts."  The Eighth Circuit Court has stated that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.,* 280 F.3d 868, 870 (8th Cir. 2002) citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

As stated previously, the Complaint and the exhibits attached to it demonstrate that Brown received prompt, professional medical care at Creighton Medical Center immediately after his fall, that he received follow-up care in the DCC's infirmary for two days thereafter, that he was examined by a physician at the DCC on two occasions within the first month after his fall, and that his complaints of pain were taken seriously and addressed.  The Medical Defendants appear to have given Brown considerable attention

7

and his complaints a fair review and response.  There are no facts, nor can any reasonable inferences be drawn from the facts presented , sufficient to state a claim that the Medical Defendants were deliberately indifferent to any serious medical need of Ronald Brown. Accordingly, the motion to dismiss is granted.

IT IS ORDERED:

1.      The motion for judgment on the pleadings (Filing No. 42) is granted;

2.      The motion to dismiss (Filing No. 52) is granted;

3.      The Complaint is dismissed with prejudice; and

4.      The parties shall pay their own costs and attorney fees.

DATED this 29th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge